IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RAYMOND SCHWAB, et al.,**

    **Plaintiffs,**

    v.

**STATE OF KANSAS, et al.,**

    **Defendants.**

Case No. 16-CV-4033-DDC-KGS

## MEMORANDUM AND ORDER

Plaintiffs have filed a "Joint Notice of Appeal, Motion for Leave to File Appeal in Forma Pauperi, Motion Ex Parte Emergency Stay Order Releasing Documents to Defendant[ ]s Pending Appeal[,] Motion for Clarification of Conflict of Interest." Docs. 128, 129. Although it does not identify specifically the order plaintiffs are appealing, it appears that the Notice of Appeal[1] is directed at the Order (Doc. 125) and Protective Order (Doc. 126) entered by Magistrate Judge Sebelius on September 22, 2016. Plaintiffs ask this court for other, various relief which is addressed below.

### *Motion for Leave to File An Appeal In Forma Pauperis*

Plaintiffs seek leave to appeal in forma pauperis. Leave to appeal in forma pauperis is not a matter of right. *Coppedge v. United States*, 369 U.S. 438, 447–48 (1962). Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that is not taken in good faith." Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C.

---

[1] The court has considered whether the pro se plaintiffs intended to file an objection to Judge Sebelius' Orders under Fed. R. Civ. P. 72. But plaintiffs' filing does not ask the district court to review Judge Sebelius' Orders. It neither cites Rule 72 nor provides the standard for considering Rule 72 objections. And the filing does not state any ground for granting relief under Rule 72. Instead, the filing is titled a "Notice of Appeal" as contemplated by Fed. R. App. P. 4, and it is docketed as a Notice of Interlocutory Appeal. Doc. 128. The court thus treats plaintiffs' filing as a Notice of Appeal.

§ 753(f) include similar language. Whether an appeal is taken in "good faith" is determined under an objective standard. *Coppedge*, 369 U.S. at 448. An appeal is taken in "good faith" if the issues on appeal are not "frivolous" and the appellant has "a rational argument on the law or facts." *Id.*

An appeal is not taken in good faith when "the order sought to be reviewed is not appealable." *Javor v. Brown*, 295 F.2d 60, 61 (9th Cir. 1961); *see also Braun v. Stotts*, No. 93-3118-GTV, 1995 WL 351415, at *1 (D. Kan. May 24, 1995) (concluding that an appeal was not taken in good faith because the order from which plaintiff appealed was not a final order). Here, plaintiffs have appealed an Order (Doc. 125) and Protective Order (Doc. 126) entered by Judge Sebelius. These are not final orders, and thus not appealable. *See* 28 U.S.C. §§ 1291, 1292. Under the governing legal standard, plaintiffs have not appealed in good faith. The court thus denies their Motion for Leave to File an Appeal in forma pauperis.

*Motion for Ex Parte Emergency Stay Order*

Plaintiffs also seek an emergency stay order releasing documents pending their appeal. The factors that a court must consider when deciding whether to grant a stay pending appeal are "well established." *In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005). They are:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*Id.* The decision whether to grant a stay pending appeals rests within the court's sound discretion. *Id.*

Here, plaintiffs' motion fails to demonstrate any of the four factors for granting a stay. And, as the court concluded above, plaintiffs cannot establish the first factor—a likelihood that

they will prevail on the merits of their appeal.  Plaintiffs have appealed orders that are not final, appealable orders.  Plaintiffs are not likely to prevail on the merits of their appeal.  The court thus denies plaintiffs' request for an emergency stay order.

### *Motion for Clarification of Conflict of Interest*

Plaintiffs' Notice of Appeal also raises a "potential conflict of interest."  Doc. 129 at 2.  They assert that the undersigned judicial officer "worked for one of the Defendants."  *Id.*  They seek clarification about the "scope of his responsibilities, length of employment at S[t.] Johns Hospital which was formerly [o]wned by St Francis Community Services."  *Id.*  The court construes plaintiffs' motion as one seeking recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455.  But the court finds no basis to recuse under either of those statutes here.

First, the undersigned has never worked for a hospital.  His only affiliation with a hospital is volunteer service before his appointment to judicial office as a Member of the Board of Directors (and the Executive Committee of that board) of Providence Medical Center in Kansas City, Kansas, and St. John Hospital in Leavenworth, Kansas.  Neither one of these hospitals is a defendant in this case.

Second, plaintiffs' assertion that St. John Hospital was formerly owned by St. Francis Community Services is just plain wrong.  When the undersigned served on the Board of Directors of St. John Hospital, it was owned by the Sisters of Charity of Leavenworth Health Services Corporation, now known as SCL Heath.  The undersigned is aware of no connection between the Sisters of Charity of Leavenworth Health Services Corporation and St. Francis Community Services.  And if plaintiffs believe some information purportedly shows that St. Francis Community Services once owned St. John Hospital, their motion does not furnish it.

The court thus finds no basis for recusal.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Leave to Appeal in forma pauperis and Motion for Ex Parte Emergency Stay Order Releasing Documents to Defendants Pending Appeal (Doc. 129) are denied.

**IT IS FUTHERED ORDERED THAT** plaintiff's Motion for Clarification of Conflict of Interest (Doc. 129) is granted.  The undersigned judicial officer has provided the clarification sought by plaintiffs' motion and, based on this clarification, concludes that no basis exists for recusal from this case.

**Dated this 23rd day of September, 2016, at Topeka, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**